UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GEORGIA MILES, | No. 2:19-cv-2151 JAM DB P |
| Plaintiff, | |
| v. | ORDER AND FINDINGS AND RECOMMENDATIONS |
| HOLLISTER, et al., | |
| Defendants. | |

Plaintiff is a state prisoner proceeding pro se with a civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff has presented several claims that relate to her criminal case and incarceration in the Plumas County Jail. Presently before the court are numerous motions filed by plaintiff as well as her complaint for screening.

**IN FORMA PAUPERIS**

On May 18, 2020, the court issued findings and recommendations recommending that this action be dismissed for failure to comply with court orders because plaintiff had not filed an application to proceed in forma pauperis or paid the filing fee. (ECF No. 17.) Thereafter, plaintiff filed a notice regarding filing fees (ECF No. 18) and a motion to set aside the filing fee (ECF No. 19).

It appears from her most recent filings that plaintiff is under the mistaken impression that she is required to pay the filing fee in full. However, pursuant to 28 U.S.C. § 1915(a)(1) the court may authorize litigants proceeding pro se to commence litigation of a suit provided the litigant

1

files an application showing that they are unable to pay the filing fee. The court will deny plaintiff's motion to cancel filing fees, vacate the findings and recommendations, and give plaintiff one final opportunity to file a properly completed application to proceed in forma pauperis.

**SCREENING**

**I.     Legal Standards**

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or employee of a governmental entity. See 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. See 28 U.S.C. § 1915A(b)(1) & (2).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984). The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. Neitzke, 490 U.S. at 327. The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis. See Franklin, 745 F.2d at 1227.

Rule 8(a)(2) of the Federal Rules of Civil Procedure "requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). However, in order to survive dismissal for failure to state a claim a complaint must contain more that "a formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient "to raise a right to relief above the speculative level." Bell Atlantic, 550 U.S. at 555. In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, Hospital Bldg. Co. v. Rex Hospital Trustees, 425 U.S.

////

2

738, 740 (1976), construe the pleading in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor. Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).

The Civil Rights Act under which this action was filed provides as follows:

> Every person who, under color of [state law] . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution . . . shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983. The statute requires that there be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by plaintiff. See Monell v. Dept. of Social Servs., 436 U.S. 658 (1978); Rizzo v. Goode, 423 U.S. 362 (1976). "A person 'subjects' another to the deprivation of a constitutional right, within the meaning of § 1983, if he does an affirmative act, participates in another's affirmative acts or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made." Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

Moreover, supervisory personnel are generally not liable under § 1983 for the actions of their employees under a theory of respondeat superior and, therefore, when a named defendant holds a supervisorial position, the causal link between him and the claimed constitutional violation must be specifically alleged. See Fayle v. Stapley, 607 F.2d 858, 862 (9th Cir. 1979); Mosher v. Saalfeld, 589 F.2d 438, 441 (9th Cir. 1978). Vague and conclusory allegations concerning the involvement of official personnel in civil rights violations are not sufficient. See Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

**II.     Allegations in the Complaint**

Plaintiff has named as defendants in this action: (1) District Attorney Hollister; (2) Judge Gindonelle; (3) Public Defender Bill Abramson; and (4) Judge Ira Kaufman. (ECF No. 1 at 2.)

Plaintiff appears to challenge decisions made in state criminal proceedings in which she is the defendant. Specifically, she objects to being found incompetent pursuant to California Penal Code § 1368 and denial of her motion to represent herself. However, plaintiff also includes allegations regarding her conditions of confinement in the Plumas County Jail.

////

### III. Does Plaintiff State a Claim under § 1983?

#### A. Plaintiff Cannot Contest State Court Criminal Proceedings via § 1983

Plaintiff has named as defendants in this action individuals who are involved in state criminal proceedings in which she is the defendant. However, she also devotes considerable time to the conditions of her confinement in the Plumas County Jail. To the extent plaintiff claims that the conditions complained of violate her rights, she may state a claim. However, the complaint must be dismissed because she has not identified any specific jail officials as defendants in this action or specified how those individuals violated her rights.

"'Federal law opens two main avenues to relief on complaints related to imprisonment: a petition for habeas corpus, 28 U.S.C. § 2254, and a complaint under the Civil Rights Act of 1871, Rev. Stat. § 1979, as amended 42 U.S.C. § 1983." Muhammad v. Close, 540 U.S. 749, 750 (2004) (per curium). A habeas corpus petition is the proper mechanism for a prisoner to use to contest the legality or duration of his confinement. See Preiser v. Rodriguez, 411 U.S. 475, 485 (1973); Badea v. Cox, 931 F.2d 573, 574 (9th Cir. 1991). In contrast, a civil rights action pursuant to § 1983 is the proper method for a prisoner to challenge the conditions of that confinement. McCarthy v. Bronson, 500 U.S. 136, 141-42 (1991); Preiser, 411 U.S. at 499; Badea, 931 F.2d at 574; Advisory Committee Notes to Rule 1 of the Rules Governing Section 2254 Cases.

Additionally, before plaintiff may bring an action for damages based on an allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, plaintiff must prove certain elements. Plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus. Heck v. Humphrey, 512 U.S. 477, 486-87 (1994).

Viewing plaintiff's filings in this action as a whole, it is not clear whether she seeks to challenge the state court criminal case or the conditions of her confinement in the Plumas County Jail. To the extent she seeks to contest rulings made in state court criminal proceedings, she may

4

not proceed with a civil rights action because an action for writ of habeas corpus is the exclusive method by which a prisoner may challenge in federal court her state court conviction.  See Preiser v. Rodriguez, 411 U.S. 475, 500 (1973) (where a state prisoner challenges the fact or duration of his confinement, his sole remedy is a writ of habeas corpus); see also Wilkinson v. Dotson, 544 U.S. 74, 79 (2005) (citing Preiser, 411 U.S. at 489) (Section 1983 actions do not lie when a state prisoner challenges the fact or duration of his confinement and seeks immediate release from prison.).

### B. The Identified Defendants are Immune from Suit

Plaintiff has identified as defendants only individuals who are involved in the criminal case against her.  (ECF No. 1 at 1-2.)  However, as set forth below, each of the identified defendants are immune from suit.

#### 1. Judicial Immunity

Plaintiff has named two judges as defendants in this action and plaintiff alleges they violated her rights based on rulings in her underlying criminal case.  However, "[j]udges are absolutely immune from civil liability for damages for their judicial acts."  Mullis v. U.S. Bankr. Court for Dist. of Nevada, 828 F.2d 1385, 1388 (9th Cir. 1987) (citing Bradley v. Fisher, 80 U.S. (13 Wall.) 335, 347 (1872); Pierson v. Ray, 386 U.S. 547, 554-55 (1967) (applying judicial immunity to a § 1983 action).  Accordingly, judges Gindonelle and Kaufman are not proper defendants in a § 1983 case.

#### 2. Public Defender

Plaintiff has also named public defender Bill Abramson as a defendant in this action based his role as her attorney during criminal proceedings brought against her.  Generally, criminal defense attorneys, including public defenders, are considered private parties who did not act under color of state law.  Polk County v. Dodson, 454 U.S. 312, 317-325 (1981) (when representing an indigent defendant in a state criminal proceeding, the public defender does not act under color of state law for purposes of § 1983 because he is not acting on behalf of the state; he is the state's adversary); Vermont v. Brillon, 556 U.S. 81, 91 (2009) (assigned public defender is

////

ordinarily not considered a state actor). Accordingly, plaintiff cannot state a claim against public defender Bill Abramson based on the allegations set forth in the complaint.

### 3. Prosecutor

Plaintiff has named the district attorney prosecuting the criminal case against her as a defendant. "Prosecutors are absolutely immune from liability under § 1983 for their conduct insofar as it is 'intimately associated' with the judicial phase of the criminal process." Botello v. Gammick, 413 F.3d 971, 975 (9th Cir. 2005) (quoting Imbler v. Pachtman, 424 U.S. 409, 430 (1976)). Prosecutors have immunity from actions that are related to the initiation and presentation of criminal prosecutions. Imbler, 424 U.S. at 430-31; Botello, 413 F.3d at 976. Accordingly, to the extent plaintiff's claim is based on Hollister's actions in charging and prosecuting plaintiff, he is immune from suit.

Because plaintiff has named only immune defendants, the court will dismiss the complaint with leave to amend.

## IV. Amending the Complaint

In any amended complaint, plaintiff must demonstrate how the conditions about which he complains resulted in a deprivation of his constitutional rights. Rizzo, 423 U.S. at 370-71. Also, the complaint must allege in specific terms how each named defendant is involved. Arnold v. Int'l Bus. Machs. Corp., 637 F.2d 1350, 1355 (9th Cir. 1981). There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's action and the claimed deprivation. Id.; Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978). Furthermore, "[v]ague and conclusory allegations of official participation in civil rights violations are not sufficient." Ivey, 673 F.2d at 268.

Plaintiff is advised that in an amended complaint he must clearly identify each defendant and the action that defendant took that violated his constitutional rights. The court is not required to review exhibits to determine what plaintiff's charging allegations are as to each named defendant. If plaintiff wishes to add a claim, he must include it in the body of the complaint. The charging allegations must be set forth in the amended complaint, so defendants have fair notice of the claims plaintiff is presenting. That said, plaintiff need not provide every detailed fact in

6

support of his claims.  Rather, plaintiff should provide a short, plain statement of each claim.  See Fed. R. Civ. P. 8(a).

Any amended complaint must show the federal court has jurisdiction, the action is brought in the right place, and plaintiff is entitled to relief if plaintiff's allegations are true.  It must contain a request for particular relief.  Plaintiff must identify as a defendant only persons who personally participated in a substantial way in depriving plaintiff of a federal constitutional right. Johnson, 588 F.2d at 743 (a person subjects another to the deprivation of a constitutional right if he does an act, participates in another's act or omits to perform an act he is legally required to do that causes the alleged deprivation).

In an amended complaint, the allegations must be set forth in numbered paragraphs.  Fed. R. Civ. P 10(b).  Plaintiff may join multiple claims if they are all against a single defendant.  Fed. R. Civ. P. 18(a).  If plaintiff has more than one claim based upon separate transactions or occurrences, the claims must be set forth in separate paragraphs.  Fed. R. Civ. P. 10(b).

The federal rules contemplate brevity.  See Galbraith v. County of Santa Clara, 307 F.3d 1119, 1125 (9th Cir. 2002) (noting that "nearly all of the circuits have now disapproved any heightened pleading standard in cases other than those governed by Rule 9(b)"); Fed. R. Civ. P. 84; cf. Rule 9(b) (setting forth rare exceptions to simplified pleading).  Plaintiff's claims must be set forth in short and plain terms, simply, concisely, and directly.  See Swierkiewicz v. Sorema N.A., 534 U.S. 506, 514 (2002) ("Rule 8(a) is the starting point of a simplified pleading system, which was adopted to focus litigation on the merits of a claim."); Fed. R. Civ. P. 8.

Plaintiff is informed that the court cannot refer to a prior pleading in order to make his amended complaint complete.  An amended complaint must be complete in itself without reference to any prior pleading.  E.D. Cal. R. 220.  Once plaintiff files an amended complaint, all prior pleadings are superseded.  Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

By signing an amended complaint, plaintiff certifies he has made reasonable inquiry and has evidentiary support for his allegations, and for violation of this rule the court may impose sanctions sufficient to deter repetition by plaintiff or others.  Fed. R. Civ. P. 11.

**OTHER MOTIONS**

In addition to her filings related to payment of the filing fee, plaintiff has filed the following motions:

- "Motion to Hire Expert Investigator" – Plaintiff references some crime that occurred in the past and argues the court should appoint an investigator who can help her prove her allegations regarding this past unrelated case. (ECF No. 5.)
- "Motion to Stay" – Plaintiff requests that this action be postponed because she is incarcerated. She asks that nothing unreasonable be asked of her. (ECF No. 7.)
- "Motion to Add Evidence" – Plaintiff appears to complain about a number of state court rulings on the basis that the judge, district attorney, and public defender are biased. Plaintiff asks the undersigned to take over the state court criminal case. (ECF No. 8.)
- "Motion for Court Order to Dismiss Criminal Charges" – Plaintiff seeks an order dismissing the state court charges. She argues the charges should be dismissed because they have been brought based on a vindictive prosecution in violation of due process. She alleges the DA, Hollister, is targeting her because of her views on gender and PC § 290. Plaintiff appears to allege that she was improperly found mentally incompetent. She further alleges that "they" are "screwing up her chapter 7 bankruptcy." Plaintiff appears to object to a state court finding that she is incompetent to stand trial. (ECF No. 9.)
- "Motion to Postpone" – Plaintiff appears to be seeking to postpone this action because she is incarcerated. (ECF No. 13.)
- "Motion to Dismiss Criminal Action" – Plaintiff seeks an order from this court dismissing her criminal case in Plumas County. It appears that plaintiff's argument in support of dismissal is that prosecution of her criminal case violates the equal protection clause. (ECF No. 14.)
- "Motion to Bring Forth Evidence" – Plaintiff again seems to contest the state court's finding that she was incompetent. (ECF No. 16.)

////

////

8

Plaintiff's motions can be generally broken down into two categories, those seeking a stay of this action (ECF Nos. 7, 13) and those seeking relief from state court orders (ECF Nos. 5, 8, 9, 14, 16.)  For the reasons set forth below, the court will deny all of plaintiff's motions seeking relief from rulings in her criminal case and recommend that her requests for a stay of this action be denied.

### I. Motions re Plaintiff's State Court Criminal Case

Several of plaintiff's motions seek relief from rulings entered in the criminal case in which plaintiff is a defendant.  (See ECF Nos. 5, 8, 9, 14, 16.)

Under the Rooker-Feldman doctrine a federal district court is precluded from hearing "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting the district court review and rejection of those judgments."  Exxon Mobil Corp. v. Saudi Basic Indus. Corp., 544 U.S. 280, 284 (2005).  The Rooker-Feldman doctrine applies not only to final state court orders and judgments, but to interlocutory orders and non-final judgments issued by a state court as well.  Doe & Assoc. Law Offices v. Napolitano, 252 F.3d 1026, 1030 (9th Cir. 2001); Worldwide Church of God v. McNair, 805 F.2d 888, 893 n.3 (9th Cir. 1986).  Additionally, under Younger v. Harris, 401 U.S. 37 (1971), federal courts should abstain from hearing a civil rights claim arising from an ongoing criminal prosecution.

Plaintiff seeks to have the Plumas County criminal charges against her dismissed (ECF No. 14) and contest that court's findings regarding her competency.  Because plaintiff seeks this court's intervention in ongoing state court criminal proceedings the court must deny the motions.  It is inappropriate for this court to rule on plaintiff's motions because she seeks federal court intervention in ongoing state court criminal proceedings as any ruling granting relief would be in violation of Younger abstention and the Rooker-Feldman doctrine.

### II. Motions Seeking a Stay of this Action

The United States Supreme Court has clearly indicated that "the power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants.

How this can best be done calls for the exercise of judgment, which must weigh competing interests and maintain an even balance." Landis v. North American Co., 299 U.S. 248, 254-55 (1936). In this regard, "the proponent of the stay bears the burden of establishing its need." Clinton v. Jones, 520 U.S. 681, 706 (1997).

In support of her requests to stay for this action plaintiff has indicated that she is in jail. However, incarceration is not a sufficient reason to stay this action. The only action required of plaintiff at the time she filed the motion was completing a properly completed in forma pauperis application. It is routine for inmates proceeding pro se to complete and return in forma pauperis applications. Additionally, plaintiff has not indicated any proposed end date for the requested stay.

Because plaintiff has not established any reason that would support the imposition of an indefinite stay, the court will recommend that plaintiff's motion for stay and motion to postpone be denied. To the extent that plaintiff needs additional time to comply with any future orders due to her incarceration she may seek an extension of time. She is advised that in any motion for an extension of time shall state the amount of time requested and the reason additional time is necessary.

## CONCLUSION

For the reasons set forth above, IT IS HEREBY ORDERED that:

1. The findings and recommendations entered on May 18, 2020 (ECF No. 17) are vacated.
2. Within thirty days from the date of this order plaintiff shall file a properly competed in forma pauperis application. Plaintiff is warned that failure to file a properly completed application will result in a recommendation that this action be dismissed.
3. The Clerk of the Court shall send plaintiff a copy of the in forma pauperis application used in this district.
4. Plaintiff's complaint (ECF No. 1) is dismissed with leave to amend.
5. Within sixty (60) days of the date of this order plaintiff shall file an amended complaint that complies with the with the requirements of the Civil Rights Act, the

      Federal Rules of Civil Procedure, and the Local Rules of Practice.  The amended complaint must bear the docket number assigned to this case and must be labeled "First Amended Complaint."

6. The Clerk of the Court is directed to send plaintiff a copy of the civil rights complaint form.

7. Plaintiff is warned that his failure to comply with this order will result in a recommendation that this action be dismissed.

8. Plaintiff's request for a court-appointed investigator (ECF No. 5) is denied.

9. Plaintiff's motion to add evidence (ECF No. 8) is denied.

10. Plaintiff's motion to dismiss state charges (ECF No. 9) is denied.

11. Plaintiff's motion to dismiss the Plumas County action (ECF No. 14) is denied.

12. Plaintiff's motion to bring forth evidence (ECF No. 16)

13. Plaintiff's motion to set aside the filing fee (ECF No. 19) is denied.

IT IS HEREBY RECOMMENDED that:

1. Plaintiff's motion to stay (ECF No. 7) be denied; and

2. Plaintiff's motion to postpone (ECF No. 13) be denied.

These findings and recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1).  Within thirty days after being served with these findings and recommendations, plaintiff may file written objections with the court and serve a copy on all parties.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Plaintiff is advised that failure to file objections within the specified time may result in waiver of the right to appeal the district court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated:  September 14, 2020

_____
DEBORAH BARNES
UNITED STATES MAGISTRATE JUDGE

DB:12
DB:1/Orders/Prisoner/Civil.Rights/mile2151.scrn+31c